ESTADO LIBRE ASOCIADO DE PUERTO RICO
TRIBUNAL DE APELACIONES
PANEL XI DJ2025-063

| | | |
|---|---|---|
| **JOSÉ J. RIVERA LÓPEZ su esposa YOLANDA RIVERA ORTIZ y la Sociedad Legal de Bienes Gananciales**<br><br>Peticionarios<br><br>v.<br><br>**BANCO POPULAR DE PR; MAPFRE PRAICO INSURANCE COMPANY**<br><br>Recurridos | TA2025CE00277 | *CERTIORARI* procedente del Tribunal de Primera Instancia, Sala Superior de **San Juan**<br><br>Caso Núm.:<br>**K AC2013-0401**<br><br>Sobre:<br>Incumplimiento de Contrato |

Panel integrado por su presidenta, la Jueza Rivera Marchand, la Jueza Mateu Meléndez y la Jueza Boria Vizcarrondo.

Boria Vizcarrondo, Jueza Ponente.

## RESOLUCIÓN

En San Juan, Puerto Rico, a 16 de septiembre de 2025.

Comparece ante nos el señor José J. Rivera López, su esposa Yolanda Rivera Ortiz y la Sociedad Legal de Bienes Gananciales, compuesta por ambos, (parte peticionaria) mediante un recurso de *certiorari* en el que solicita que revoquemos dos órdenes emitidas por el Tribunal de Primera Instancia, Sala Superior de San Juan (TPI), el 10 de julio de 2025.[1] Por medio de dichos dictámenes, el foro primario denegó de plano la segunda *Solicitud de*

---

[1] Apéndice del recurso de *certiorari*, Anejo 2. Notificada y archivada en autos el 11 de julio de 2025.

*Reconsideración* radicada por la parte peticionaria;[2] y ordenó a dicha parte a mostrar causa por la cual no debía imponer severas sanciones, ante su incumplimiento con una *Orden* que emitió el 14 de noviembre de 2023.[3]

El 18 de agosto de 2025, el Banco Popular de Puerto Rico (BPPR o parte recurrida) radicó una *Oposición a que se expida auto de certiorari,* a la cual se unió DLJ Mortgage Capital, Inc. (DLJ Mortgage o parte recurrida) mediante una *Moción uniéndonos a "Oposición a que se expida auto de certiorari"* que presentó el 19 de agosto de 2025.

El 20 de agosto de 2025, MAPFRE PRAICO Insurance Company (MAPFRE o parte recurrida) radicó una *Moción de desestimación al amparo de la Regla 83,* y, por su parte, la parte peticionaria presentó una *Oposición a desestimación* el 31 de agosto de 2025.

Por los fundamentos que pormenorizamos a continuación, *desestimamos* el recurso de *certiorari* por falta de jurisdicción con relación a la *Orden* denegando de plano la segunda petición de reconsideración; y *denegamos* el auto de *certiorari* con relación a la *Orden* de mostrar causa.

---

[2] Apéndice de la oposición al recurso de *certiorari*, Anejo 3.
[3] Apéndice del recurso de *certiorari*, Anejo 2. Notificada y archivada en autos el 22 de noviembre de 2023.

**I.**

El caso de marras tiene su génesis el 30 de mayo de 2013 cuando la parte peticionaria presentó una *Demanda* contra el BPPR y MAPFRE en concepto daños y perjuicios, y nulidad de contrato por vicio en el consentimiento.[4] En síntesis, la parte peticionaria solicitó la nulidad de la escritura de modificación de hipoteca, pues adujo que fue inducida a error.

Transcurrido múltiples trámites procesales, incluyendo la presentación de unos recursos apelativos ante esta Curia,[5] el foro primario emitió una *Orden* el <u>14 de noviembre de 2023</u>, al amparo de la Regla 35.3 de Procedimiento Civil, 32 LPRA Ap. V, R. 35.3. Mediante esta determinación, ordenó a la parte peticionaria a depositar en el tribunal la cantidad de $1,181, en o antes del 4 de diciembre de 2023, y así sucesivamente, todos los días 4 de cada mes, hasta que se dispusiera del caso en su totalidad. Además, advirtió que el incumplimiento con lo anterior acarrearía sanciones económicas.

Insatisfecha, la parte peticionaria presentó una primera *Solicitud de Reconsideración* ante el foro *a quo* el 22 de diciembre de 2023.[6] Adujo que la Regla 35.3 de Procedimiento Civil, *supra*, no

---

[4] *Íd.*, Anejo 5. Se toma conocimiento de este hecho procesal; véase además, *Íd.*, Anejo 1.

[5] *Íd.*, Anejo 4; *Íd.*, Anejo 5.

[6] Apéndice de la oposición al recurso de *certiorari*, Anejo 1.

aplicaba al caso de epígrafe, por lo que no procedía consignar el pago según ordenado por el tribunal. Del mismo modo, planteó que la cantidad a pagarse de la hipoteca estaba en controversia, y que dicho hecho fue el que generó la demanda de marras. Por último, sostuvo que ninguna de las partes le requirió pago alguno y que el pleito de marras no versaba sobre cobro de dinero.

El 4 de junio de 2024, el foro primario emitió una *Resolución* en la que declaró No Ha Lugar la primera solicitud de reconsideración presentada por la parte peticionaria.[7] También le concedió a dicha parte un término final de diez (10) días para consignar en el tribunal la suma de $1,181 de forma retroactiva a la fecha en que debió comenzar a consignarse. Es decir, una suma de $8,267, correspondiente a los meses de diciembre de 2023 a junio de 2024, inclusive. Finalmente, apercibió a la parte peticionaria que el incumplimiento con lo anterior acarrearía la imposición de sanciones.

Inconforme, la parte peticionaria radicó una segunda solicitud de reconsideración el 17 de junio de 2024, la cual fue denegada de plano mediante una *Orden* que emitió el TPI el 10 de julio de 2025. El foro primario fundamentó su dictamen en que las segundas solicitudes de reconsideración no estaban contempladas para los foros primarios, conforme las Reglas de Procedimiento Civil, *supra.*

---

[7] *Íd.*, Anejo 2. Notificada y archivada en autos el 10 de junio de 2024.

El mismo <u>10 de julio de 2025</u>, el foro primario emitió otra *Orden* en la que ordenó a la parte peticionaria a mostrar causa por la cual no debía imponer severas sanciones, ante su incumplimiento con la *Orden* que emitió el 14 de noviembre de 2023.

Así, la parte peticionaria presentó el recurso de *certiorari* ante nos el 11 de agosto de 2025, y planteó los siguientes señalamientos de error:

**ERRÓ EL TPI AL DECLARAR NO HA LUGAR LA RECONSIDERACIÓN DE LAS [Ó]RDENES DEL 14 DE NOVIEMBRE DE 2023 Y NOTIFICADA EL 22 DE NOVIEMBRE DE 2023, EN LA QUE ORDENA A LOS DEMANDANTES A PAGAR LA CANTIDAD DE $1,181 Y EMITIR ORDEN NUEVAMENTE EL 11 DE JULIO DE 2025 EN LA QUE SE NEGÓ LA SEGUNDA RECONSIDERACIÓN.**

**ERRÓ EL TPI AL EMITIR ORDEN DE MOSTRAR CAUSA CONTRA LOS DEMANDANTES POR NO REALIZAR EL PAGO DE LOS $1,181 A PESAR DE NO HABERSE CELEBRADO JUICIO Y HABER ADJUDICADO LA CONTROVERSIA SIN PRESENTACIÓN DE PRUEBA ALGUNA.**

El 18 de agosto de 2025, el BPPR radicó una *Oposición a que se expida auto de certiorari*, a la cual se unió DLJ Mortgage. En dicha oposición, el BPPR sostuvo que este tribunal carecía de jurisdicción para atender el auto de *certiorari*, pues adujo que la parte peticionaria presentó el recurso luego de haber transcurrido mucho más de un año desde que venció el término de treinta (30) días para que la parte peticionaria acudiera ante este tribunal. Además, indicó que el auto de *certiorari* incumplió con las Reglas 40 y 34 del

Reglamento del Tribunal de Apelaciones, según enmendada, *In re Aprob. Enmdas. Reglamento TA*, 2025 TSPR 42, 215 DPR __ (2025). Respecto a la Regla 34, el BPPR arguyó que la parte peticionaria no incluyó la cubierta, el índice y el apéndice según requeridos, las mociones de reconsideración, y algunas mociones radicadas por las partes, la cuales contenían asuntos planteados en las solicitudes de reconsideración.

El 20 de agosto de 2025, MAPFRE radicó una *Moción de desestimación al amparo de la Regla 83*. MAPFRE adujo que este tribunal carecía de jurisdicción, ya que, la segunda solicitud de reconsideración que presentó la parte peticionaria no paralizó los términos para recurrir ante este Foro, y, por ende, sostuvo que dicha parte presentó la petición de *certiorari* tardíamente. De igual modo, expuso que el auto de *certiorari* incumplió con lo dispuesto en la Regla 40 del Reglamento del Tribunal de Apelaciones, *supra*, al igual que con la Regla 34 del Reglamento del Tribunal de Apelaciones, *supra*, al no incluir las dos mociones de reconsideración en cuestión ni la resolución declarando No Ha Lugar la primera moción de reconsideración.

Por su parte, la parte peticionaria radicó una *Oposición a desestimación* el 31 de agosto de 2025. Expuso que, con el propósito de evitar que el recurso de *certiorari* fuese prematuro, esperó a que el TPI resolviera la segunda solicitud de reconsideración. Además,

arguyó que la Regla 47 de Procedimiento Civil, *supra,* R. 47, no disponía de un límite en cuanto a la cantidad de solicitudes de reconsideración que una parte podía presentar. Sin embargo, indicó que:

> **7. En el presente caso, en la primera Solicitud de Reconsideración, el TPI simplemente la declaró No Ha Lugar sin realizar determinaciones algunas de hechos y derecho**, razón por la cual la parte demandante solicitó una segunda Solicitud de Reconsideración, únicamente con el propósito de que el TPI realizara determinaciones adicionales algunas, lo cual no ocurrió. ¿Realmente conocíamos como el TPI iba a resolver la segunda reconsideración? La respuesta es no. El desestimar el recurso presentado por ser tardío, según indican los demandados-recurridos, despojaría a la parte demandante-peticionaria de un remedio luego del TPI haber declarado No Ha Lugar ambas reconsideraciones.

(Énfasis suplido).

## II.

## A.

El auto de *certiorari* es el vehículo procesal que permite a un tribunal de mayor jerarquía revisar las determinaciones interlocutorias realizadas por un foro inferior. La expedición del auto descansa en la sana discreción del tribunal. *Caribbean Orthopedics Products of Puerto Rico, LLC v. Medshape, Inc.*, 207 DPR 994, 1004 (2021); *800 Ponce de León, Corp. v. American International Insurance Company of Puerto Rico*, 205 DPR 163, 174-175 (2020). En los casos civiles, la Regla 52.1 de Procedimiento Civil, *supra,* R. 52.1, delimita

los asuntos aptos para revisión interlocutoria ante el Tribunal de Apelaciones mediante el recurso de *certiorari. Caribbean Orthopedics Products of Puerto Rico, LLC v. Medshape, Inc.*, *supra*, pág. 1004; *Scotiabank de Puerto Rico v. ZAF Corporation*, 202 DPR 478, 486-487 (2019); *IG Builders v. BBVAPR*, 185 DPR 307, 336-337 (2012). La citada regla establece que:

> El recurso de *certiorari* para revisar resoluciones u órdenes interlocutorias dictadas por el Tribunal de Primera Instancia, solamente será expedido por el Tribunal de Apelaciones cuando se recurra de una resolución u orden bajo las Reglas 56 y 57 o de la denegatoria de una moción de carácter dispositivo. No obstante, y por excepción a lo dispuesto anteriormente, el Tribunal de Apelaciones podrá revisar órdenes o resoluciones interlocutorias dictadas por el Tribunal de Primera Instancia cuando se recurra de decisiones sobre la admisibilidad de testigos de hechos o peritos esenciales, asuntos relativos a privilegios evidenciarios, anotaciones de rebeldía, en casos de relaciones de familia, en casos que revistan interés público o en cualquier otra situación en la cual esperar a la apelación constituiría un fracaso irremediable de la justicia. Al denegar la expedición de un recurso de *certiorari* en estos casos, el Tribunal de Apelaciones no tiene que fundamentar su decisión.
>
> Regla 52.1 de Procedimiento Civil, *supra* (Énfasis suplido); véase además, *Scotiabank de Puerto Rico v. ZAF Corporation, supra*, pág. 487.

La característica distintiva del recurso de *certiorari* "se asienta en la discreción encomendada al tribunal revisor para autorizar su expedición y adjudicar sus méritos. El concepto *discreción* necesariamente implica la facultad de elegir entre diversas opciones". *IG Builders v. BBVAPR, supra,* pág. 338. A pesar de lo

anterior, la discreción no debe hacerse en abstracción del resto del derecho, sino que debe ejercerse de forma razonable con el propósito de llegar a una opinión justiciera. *Torres Martínez v. Torres Ghigliotty*, 175 DPR 83, 98 (2008). Precisamente, la Regla 40 del Reglamento del Tribunal de Apelaciones, *supra*, instituye los criterios que se deben tomar en consideración para poder ejercer sabiamente la facultad discrecional de expedir un auto de *certiorari*. Estos factores son los siguientes:

> (A) Si el remedio y la disposición de la decisión recurrida, a diferencia de sus fundamentos, son contrarios a derecho.
>
> (B) Si la situación de hechos planteada es la más indicada para el análisis del problema.
>
> (C) Si ha mediado prejuicio, parcialidad o error craso y manifiesto en la apreciación de la prueba por el Tribunal de Primera Instancia.
>
> (D) Si el asunto planteado exige consideración más detenida a la luz de los autos originales, los cuales deberán ser elevados, o de alegatos más elaborados.
>
> (E) Si la etapa del procedimiento en que se presenta el caso es la más propicia para su consideración.
>
> (F) Si la expedición del auto o de la orden de mostrar causa no causa un fraccionamiento indebido del pleito y una dilación indeseable en la solución final del litigio.
>
> (G) Si la expedición del auto o de la orden de mostrar causa evita un fracaso de la justicia.

Lo anterior impone al Tribunal de Apelaciones la obligación de ejercer prudentemente su juicio al intervenir con el discernimiento del foro de instancia, de forma que no se interrumpa

injustificadamente el curso corriente de los casos ante ese foro. Por tanto, de no estar presente ninguno de los criterios esbozados, procede que este foro superior se abstenga de expedir el auto solicitado. *Torres Martínez v. Torres Ghigliotty, supra,* págs. 96-97.

**B.**

En nuestro sistema jurídico, la jurisdicción se ha definido como el poder o la autoridad que tienen los tribunales para considerar y resolver casos o controversias. *MCS Advantage, Inc. v. Fossas Blanco*, 211 DPR 135, 144 (2023); *Administración de Terrenos de Puerto Rico v. Ponce Bayland Enterprises, Inc.*, 207 DPR 586, 600 (2021). La falta de jurisdicción transgrede directamente sobre el poder que poseen los tribunales para adjudicar una controversia. *Allied Management Group, Inc. v. Oriental Bank*, 204 DPR 374, 386 (2020). Por lo tanto, los tribunales deben ser celosos guardianes de su jurisdicción y, consecuentemente, deben atender con preferencia los asuntos concernientes a la jurisdicción. *R & B Power, Inc. v. Junta de Subastas de la Administración de Servicios Generales*, 213 DPR 685, 698 (2024); *Torres Alvarado v. Madera Atiles*, 202 DPR 495, 500 (2019). Es decir, los tribunales tienen la responsabilidad indelegable de examinar primeramente su propia jurisdicción, así como la del foro de donde procede el recurso ante su consideración. *Torres Alvarado v. Madera Atiles, supra,* pág. 500.

**C.**

Precisamente, la moción de reconsideración puede tener un efecto en la jurisdicción de un tribunal apelativo para revisar las actuaciones de un foro inferior. *In re Laboy*, 209 DPR 288, 301 (2022). Por medio de la Regla 47 de Procedimiento Civil, *supra*, la parte adversamente afectada por una resolución u orden emitida por el foro primario tiene un término de cumplimiento estricto de quince (15) días, contados a partir de la fecha de notificación de la orden o resolución, para radicar la solicitud de reconsideración ante el TPI. En esa moción se deberán exponer con suficiente particularidad y especificidad los hechos y el derecho, y "fundarse en cuestiones sustanciales relacionadas con las determinaciones de hechos pertinentes o conclusiones de derecho materiales". Regla 47 de Procedimiento Civil, *supra*. Una vez presentada la moción de reconsideración con las especificidades de dicha regla, quedarán interrumpidos los términos para recurrir en alzada para todas las partes. Estos términos comenzarán a correr nuevamente desde la fecha del archivo en autos de la copia de la notificación resolviendo la petición de reconsideración.

Ahora bien, la Regla 47 de Procedimiento Civil, *supra*, no contempla "si la posterior moción de reconsideración —indistintamente de la parte que la presente— cuyo fin es reconsiderar un dictamen sustancialmente modificado como

consecuencia de la primera reconsideración, tiene el efecto de interrumpir el término para recurrir al foro apelativo intermedio. *Marrero Rodríguez v. Colón Burgos*, 201 DPR 330, 339 (2018) (*citando a* A. Cuevas Segarra, *Tratado de derecho procesal civil*, 2ª ed. rev., San Juan, Pubs. JTS, 2011, T. IV, pág. 1369). Por ello, nuestro máximo foro resolvió que para que las segundas peticiones de reconsideración interrumpan los términos para ir en alzada, la determinación impugnada tiene que ser alterada sustancialmente como resultado de una primera solicitud de reconsideración, independientemente de quién la haya presentado; y debe cumplir con los criterios de especificidad y particularidad de la Regla 47 de Procedimiento Civil, *supra. Marrero Rodríguez v. Colón Burgos*, *supra*, págs. 341-342; *Báez Figueroa v. Adm. Corrección*, 209 DPR 288, 304 (2022). En otras palabras, para que la segunda petición de reconsideración interrumpa el término de treinta (30) días para acudir ante el Tribunal de Apelaciones, "esta debe exponer cuáles son los hechos o el derecho a reconsiderarse, así como cuáles son las alteraciones sustanciales producto de una primera reconsideración o de las nuevas determinaciones de hechos o conclusiones de derecho cuya reconsideración se solicita por primera vez". *Marrero Rodríguez v. Colón Burgos, supra*, págs. 341-342. De esta forma, nuestro máximo foro impidió la extensión indefinida del término para recurrir a esta Curia mediante la

presentación de mociones de reconsideración subsiguientes y frívolas basadas en los mismos argumentos. *Marrero Rodríguez v. Colón Burgos, supra,* págs. 341-342.

**III.**

En el caso de marras, la parte peticionaria solicitó que ejercitáramos nuestras funciones revisoras para revocar dos órdenes que emitió el foro primario el 10 de julio de 2025.

Sin embargo, como asunto de umbral, debemos auscultar nuestra jurisdicción con relación a una de esas órdenes del 10 de julio de 2025. Es decir, la *Orden* en la que el foro primario denegó de plano la segunda solicitud de reconsideración que presentó la parte peticionaria.

A juicio del TPI, las segundas solicitudes de reconsideración no estaban contempladas para los foros de instancia, conforme las Reglas de Procedimiento Civil, *supra*.

Inconforme, la parte peticionaria acudió ante nos y sostuvo que esperó a que el TPI resolviera la segunda solicitud de reconsideración con el propósito de evitar que el recurso de *certiorari* fuese prematuro. Además, arguyó que la Regla 47 de Procedimiento Civil, *supra,* no disponía de un límite en cuanto a la cantidad de solicitudes de reconsideración que una parte podía presentar.

Por su parte, el BPPR expuso que este tribunal carecía de jurisdicción para atender el auto de *certiorari,* ya que la parte

peticionaria presentó el recurso luego de haber transcurrido mucho más de un año desde que venció el término de treinta (30) días para que la parte peticionaria acudiera ante este tribunal.

Igualmente, Mapfre arguyó que este tribunal carecía de jurisdicción, pues sostuvo que la segunda solicitud de reconsideración presentada por la parte peticionaria no paralizó los términos para recurrir ante este Foro, y, por ende, la parte peticionaria presentó la petición de *certiorari* tardíamente.

Tras un análisis objetivo y cuidadoso, resolvemos que el foro primario no incidió en el primer señalamiento de error.

Según pormenorizamos anteriormente, el recurso de *certiorari* debe ser presentado dentro del término de treinta (30) días, siguientes al archivo en autos de una copia de la notificación del dictamen recurrido. Regla 32(C) del Reglamento del Tribunal de Apelaciones, *supra*, R. 32(C); Regla 52.2 de Procedimiento Civil, *supra*, R. 52.2. Para que se interrumpa dicho término, por medio de la presentación de una segunda solicitud de reconsideración, la determinación impugnada tiene que ser alterada sustancialmente como resultado de una primera solicitud de reconsideración, independientemente de quién la haya presentado; y debe cumplir con los criterios de especificidad y particularidad de la Regla 47 de Procedimiento Civil, *supra*. *Marrero Rodríguez v. Colón Burgos*, *supra*, págs. 341-342; *Báez Figueroa v. Adm. Corrección, supra,* pág.

304. Es decir, para que la segunda petición de reconsideración interrumpa el término de treinta (30) días para acudir ante el Tribunal de Apelaciones, "esta debe exponer cuáles son los hechos o el derecho a reconsiderarse, así como cuáles son las alteraciones sustanciales producto de una primera reconsideración o de las nuevas determinaciones de hechos o conclusiones de derecho cuya reconsideración se solicita por primera vez". *Marrero Rodríguez v. Colón Burgos, supra*, págs. 341-342.

En el caso de marras, el foro primario emitió una *Orden* el 14 de noviembre de 2023 donde ordenó a la parte peticionaria a depositar en el tribunal la suma de $1,181, en o antes del 4 de diciembre de 2023, y así sucesivamente, todos los días 4 de cada mes, hasta que se dispusiera del caso en su totalidad. Inconforme, la parte peticionaria presentó ante el foro *a quo* una primera solicitud de reconsideración el 22 de diciembre de 2023. Sin embargo, el foro primario declaró No Ha Lugar dicha petición el 4 de junio de 2024, y le concedió a la parte peticionaria un término de diez (10) días para consignar el dinero solicitado. Aun insatisfecha, la parte peticionaria presentó ante el foro primario una segunda moción de reconsideración el 17 de junio de 2024. Ante ello, el TPI emitió una *Orden* el 10 de julio de 2025 en la que denegó de plano la segunda solicitud de reconsideración.

De lo anterior se puede colegir que la determinación original; esta es, el dictamen ordenando el depósito por primera vez, no fue alterado sustancialmente como resultado de la primera solicitud de reconsideración que presentó la parte peticionaria. En cambio, el foro *a quo* solamente declaró No Ha Lugar dicha petición y reiteró el depósito del dinero solicitado. Consecuentemente, la segunda petición de reconsideración no abarcó alteración sustancial alguna de la determinación original ni nuevas determinaciones de hechos o conclusiones de derecho. En otras palabras, no interrumpió el término de treinta (30) días, contados a partir de la notificación de la decisión original, para acudir ante esta Curia, por lo que el término para presentar el recurso de *certiorari* venció el 10 de julio de 2024. Como puede apreciarse, al presentar el auto de epígrafe el 11 de agosto de 2025, la parte peticionaria lo realizó <u>tardíamente</u>. Debido a que el término para presentar el recurso de *certiorari* ante este Tribunal no fue interrumpido ni medió justa causa, resolvemos que carecemos de jurisdicción para ejercer nuestras funciones revisoras con relación a la *Orden* denegando de plano la segunda solicitud de reconsideración.

Por otro lado, después de examinar sosegadamente la *Orden* mediante la cual el foro primario ordenó a la parte peticionaria a mostrar causa por la cual no debía imponer severas sanciones, ante su incumplimiento con una *Orden* que emitió el 14 de noviembre de

2023, no encontramos indicio de que el TPI hubiese actuado de forma arbitraria o caprichosa, abusado al ejercer su discreción, o cometido algún error de derecho al resolverlo. Es decir, el expediente del caso de epígrafe no evidenció falta alguna atribuible al TPI, de modo que nos mueva a expedir el auto de *certiorari*, conforme a los criterios que guían nuestra discreción para ejercer nuestra facultad revisora. Regla 40 del Reglamento del Tribunal de Apelaciones, *supra.*

## IV.

Por las razones discutidas anteriormente, *desestimamos* el recurso de *certiorari* por falta de jurisdicción con relación a la *Orden* denegando de plano la segunda petición de reconsideración; y *denegamos* el auto de *certiorari* con relación a la *Orden* de mostrar causa.

Lo acordó y manda el Tribunal y lo certifica la Secretaria del Tribunal de Apelaciones.

Lcda. Lilia M. Oquendo Solís
Secretaria del Tribunal de Apelaciones